OPINION
Defendant-appellant David Price appeals the July 21, 1998 Judgment Entry of the Perry County Court of Common Pleas which memorialized a jury verdict of guilty on one count of burglary. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE AND FACTS
On November 25, 1997, appellant was indicted on one count of burglary in violation of R.C. 2911.12(A)(2). On December 17, 1997, appellant pled not guilty to the charge. At appellant's request, the trial court continued the jury trial scheduled for March 19, 1998, to May 11, 1998. This case arises out of the burglary of a residence located at 1860 Melon Hill Road in New Lexington, Ohio. On November 10, 1997, Rhonda Butcher and her two children, Kaylon and Dani Jackson, arrived home to find the back door of their home had been broken open and damaged. At trial, Ms. Butcher testified someone attempted to remove the stereo and VCR from the family room in the basement, but nothing was actually taken from the residence. The state also presented the testimony of Harry Baker, a nearby neighbor of the Butcher family. On November 10, 1997, Mr. Baker saw a maroon Chevrolet Celebrity pass his home and decided to follow the car because it seemed "suspicious". By the time he started his car and pulled onto the road, the maroon Celebrity was out of sight. When he couldn't find the vehicle, he decided to take a "leisurely" drive. As he passed the Butcher house, he saw the maroon Celebrity parked in the driveway. Mr. Baker testified he saw a man run from the house to the maroon Celebrity. When he saw the man get into the driver's side of the car, Mr. Baker stopped to investigate. He pulled into the Butcher's next-door neighbor's driveway and watched the maroon Celebrity start to back out of the Butcher's driveway. When Mr. Baker got out of his car and motioned for the maroon Celebrity to stop, the driver stopped the car. Mr. Baker walked up to the driver's side of the car, but before he could say anything, the driver asked if Dani was there. Ignoring the question, Mr. Baker asked the driver who he was and demanded some identification. The passenger in the maroon Celebrity told the driver he did not have to show any identification and the driver quickly backed out of the driveway and drove away. At trial, Mr. Baker made an in court identification of appellant as the driver of the maroon Celebrity. On May 11, 1998, the jury found appellant guilty of one count of burglary in violation of R.C. 2911.12(A)(2). The court ordered a pre-sentence investigation and held the sentencing hearing June 14, 1998. In a July 21, 1998 Judgment Entry, the court sentenced appellant to a four year term of imprisonment and ordered restitution to the victims. It is from that judgment entry appellant prosecutes this appeal assigning the following as error:
 APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AND DUE PROCESS OF LAW IN VIOLATION OF HIS RIGHTS UNDER FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE, SECTION 10 OF THE OHIO CONSTITUTION DUE TO THE REASON THAT COUNSEL FOR APPELLANT/DEFENDANT CALLED A WITNESS WHO DIRECTLY CONTRADICTED THE DEFENDANT/APPELLANT AS A WITNESS FOR THE DEFENDANT/APPELLANT.
In his sole assignment of error, appellant maintains he was denied effective assistance of counsel because trial counsel introduced the testimony of Dustin Ginnery, the alleged accomplice in the burglary. A claim of ineffective assistance of counsel requires a two-prong analysis. The first inquiry is whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to appellant. The second prong is whether the appellant was prejudiced by counsel's ineffectiveness. Lockhart v. Fretwell (1993), 113 S.Ct. 838,122 L.Ed. 2d 180; Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674; State v. Bradley (1989), 42 Ohio St.3d 136. In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. Bradley,42 Ohio St. 3d at 142. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists counsel's conduct fell within the wide range of reasonable, professional assistance. Id. In order to warrant a reversal, the appellant must additionally show he was prejudiced by counsel's ineffectiveness. "Prejudice from defective representation sufficient to justify reversal of a conviction exists only where the result of the trial was unreliable or the proceeding fundamentally unfair because of the performance of trial counsel." State v. Carter (1995), 72 Ohio St.3d 545, 558, citing Lockhart v. Fretwell, supra. The United States Supreme Court and the Ohio Supreme Court have held a reviewing court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." State v. Bradley, supra at 143, quoting Strickland v. Washington, supra, at 697. At trial, appellant testified on his own behalf. He explained to the jury he left school with Mr. Ginnery and drove to the Butcher residence at Mr. Ginnery's request. He testified he did not know the purpose of the visit and he never left his car. Rather, it was Mr. Ginnery who left the car and entered the Butcher residence. Appellant's trial counsel then called Dustin Ginnery to the stand. Mr. Ginnery's version of the outing was in direct contravention to appellant's testimony. Mr. Ginnery testified it was appellant's idea to drive to the Butcher residence. Mr. Ginnery testified appellant wanted to stop there to pick up some money from appellant's cousin. Mr. Ginnery explained he waited in the car while appellant entered the residence. Appellant argues trial counsel's decision to call Mr. Ginnery to testify was ineffective assistance of counsel. In response, the State argues it was merely trial strategy. Appellant's counsel planned to allow Mr. Ginnery to tell his side of the story only to later impeach his credibility by attacking his reputation for truthfulness in the community with other witnesses. These same witnesses would bolster the credibility of appellant by stating appellant was known to be truthful. We find appellant's argument on appeal fails under both prongs of Strickland, supra. Although it did not work in this instance, defense counsel employed a sound trial strategy. Counsel attempted to demonstrate reasonable doubt by pointing to a more likely offender. This strategy certainly did not fall below any objective standard of reasonable representation. Even if appellant could demonstrate his trial counsel was ineffective, we see no prejudice. The testimony of Mr. Baker, if believed, placed appellant running from the burglarized residence and driving the maroon Celebrity. Because Mr. Baker's testimony also directly contradicted appellant's testimony, a reasonable jury could conclude appellant's testimony was less than completely truthful. We cannot conclude the result of the trial was unreliable nor the proceeding fundamentally unfair. For these reasons, appellant's sole assignment of error is overruled.
The judgment of the Perry County Court of Common Pleas is affirmed.
By: Hoffman, J. Gwin, P.J. and Edwards, J. concur